Deaderick, J.,
delivered the opinion of tbe court:
Tbe bill in tbis case was filed in tbe chancery court, at Jackson, for tbe construction of the will of Vm. F. Still, deceased.
*398 The clauses of which a construction is sought are the .second, third, and fifth, and are as follows:
‘ ‘Second. 1 give and bequeath to my beloved wife, Ale-nira E. Still, a dower right and title in the homestead plantation and lands owned by me, Vm. E. Still, upon which I now reside, known formerly as the Newsom place, or tract of land, containing as per deed, four hundred and thirty-eight acres, more or less. Also a dower right and title in all the stock and perishable property upon said place, and owned by me at my death, except such household furniture as my beloved wife, Alenira E. Still, may select for her own use absolutely. Furthermore, I, ¥m. E. Still, give and bequeath to my beloved wife;, Alenira E. Still, a dower light and title in and to all the land surveyed as lots by N. E. McNight, owned by me at my death, lying and being in the town of Jackson, State of Tennessee, as-per plat.”
‘ ‘Third. I furthermore give and bequeath to my beloved brothers, Chas. A. Still and Woodford A. Still, after my beloved wife’s dower is set apart by the proper* court for her benefit, I give to each of my two beloved brothers, as above named, as.equal heirs, all my right, title, and interest to the residue of balance of the plantation and homestead, where I, Wm. E. Still, now reside as before named, known formerly as the Newton place or tract of ladd, containing as per deed, 438 acres, more or less, to have and to hold the same to Chas. A. Still and Woodford A. Still against the claim or claims of all and every person whatsoever. I also give and bequeath to my two brothers before mentioned, in equal rights, all the stock and perishable property upon said plantation and homestead — under this heading and number. T give and bequeath independently of my beloved wife’s dower, the fine clock’ with a' glass shade or covering; this clock I give to my two brothers to be kept in our family as a relic in memorium; also my two fine double-barrel guns, including my fine gold watch. J, *399 Vm. F. Still, do fni'tber give to my beloved brothers, Cbas. A. Still and Woodford A. Still, my heirs in genealogy, all and equal rights to the lands surveyed as lots by R. T. IVIcNight, owned by me at my death, lying and being in Jackson, State of Tennessee, as per plat, after my beloved wife’s dower has been lawfully set apart to her.”
The fourth clause gives a legacy to a nephew, and the fifth and last is as follows:
“lit the death of my two beloved brothers, Ohas. A. Still and Woodford A. Still, all the residue of my property left to them for life is to be equally divided amongst all my nephews and nieces, the lawful and bodily heirs of my late brothers,” etc.
The two brothers of testator, 0. A. and W. A. Still, were unmarried men and had no children, and the testator’s wife had no children.
The chancellor decreed that the widow of testator, under the second clause of the will, was entitled to the fee simple title of one-third of the real estate, and to take absolutely ona-third of the personal estate, after she had selected such of the household furniture as she needed, except the clock, the two guns, and the gold watch, which 0. A. and W. A. Still, the two brothers of testator, took absolutely.
And it ivas further held by the chancellor that under the third and fifth clauses of the will, the two' brothers, Ohas. A. and W. A., took the balance of the personal estate absolutely, except such as was susceptible of a bequest for life, with remainder over, and that they took the balance of the real estate during their natural lives, and at their death, it should be divided amongst testator’s nephews and nieces, as directed in the fifth clause, of the will.
.From this decree the complainants have appealed to this court. It is manifest that in the gift of a "dower right and title in all the stock and perishable property upon said place,” the term dower is not used in its legal or technical *400 sense as expressive of the duration of tbe estate, but rather as a mode of specifying tbe share or portion of tbe estate intended to be given.
Tbe same language precisely is employed in tbe gift of tbe real estate, i. e., “dower right and title” in the homestead and in tbe Jackson lots, and was used in tbe will to express tbe «share or portion of tbe landed estate to be given to tbe widow, rather than tbe character of tbe title by which it was to be held.
In the third clause testator gives to bis two brothers, after tbe wife’s dower is set apart, etc., “tbe residue or balance of tbe plantation,” etc., and tbe personalty and tbe lots in Jackson, after bis wife’s dower has been set apart. And by tbe fifth clause testator directs that at tbe death of bis two brothers, “all the residue of his. property” left to them for life, is to be divided, etc.
The residue of his property, real and personal, referred to in the fifth clause, is that given the brothers in the third clause, after setting apart the dower on tbe third part of it to testator’s wife.
N o provision is made in the will for any disposition of the property left to the wife upon her death — and this fact furnishes a strong presumption that the testator intended the gifts to her to- be absolute, especially as he malees a further and final disposition of the part of tbe land and personal property left to the brothers for life.
We axe of the opinion that tbe chancellor’s decree is correct, and affirm it.
The costs of this court will be paid by complainants out of the assets of tbe estate, and the cause will be remanded for further proceedings.